CASE 68—PETITION EQUITY—JANUARY 19.

## Booker, &c., v. Kennerly, &c.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

JUDGMENT AGAINST INFANT—GUARDIAN AD LITEM.—In an action by a mother against her infant daughter who had no father or guardian, the clerk was authorized, upon the filing of an affidavit showing that state of case, to appoint a guardian *ad litem*, upon whom summons might be served, and a judgment rendered against the infant upon such service was not void. Put as the infant had the right at any time within a period terminating twelve months after attaining the age of twenty-one to show cause against the judgment, her motion made, after due notice, within that period to file an answer to the original petition, should have been sustained, as she is now entitled to make whatever defense to the original action she may have, no effort having, been made by the guardian *ad litem* in her behalf.

JONSON & WICKLIFFE FOR APPELLANT.

1. The attorney was not authorized to make the affidavit for the appointment of the guardian *ad litem* upon whom service of process must be·

had. This affidavit is required to be made *by one or more of the parties.* (Civil Code, sec. 52, as amended Jan. 16, 1882; *Idem*, sec. 38, sub-sec. 1).

2. The affidavit filed ought to have shown that the infant had no *guardian, curator* or *committee.* (Civil Code, sec. 38, sub-sec. 1.)

3. No power was vested in the guardian *ad litem* appointed by the clerk to make a defense for the infant. The court should have appointed a guardian.

4. If mistaken in this view of the case we may appeal from original judgment (Civil Code, sec. 746), and the infant may, at any time before attaining majority, prosecute the appeal by guardian. (Moss v. Hall, 79 Ky, 40.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

An action was instituted by R. J. Kennerly and her husband, H. C. Kennerly, to set aside a deed for about seventy acres of land made to W. R. Booker, now deceased, who was at that time husband of R. J. Kennerly, upon the ground consideration for the land was paid out of the estate of the wife derived from her father. To that action the vendor of the land, Staples, and Mary Belle Booker, child of W. R. Booker, and R. J. Kennerly, then Booker, were the only defendants. Judgment was rendered in 1884 in that action setting aside the deed, whereby R. J. Kennerly was invested with title and possession of the land, and being now dead, her children by H. C. Kennerly, jointly with Mary Belle Booker, have inherited it as her heirs-at-law, subject to his tenancy by curtesy.

Mary Belle Booker, by her statutory guardian, has appeared in this action, and, upon notice, moved to set aside the judgment of 1884, the effect of which, if done, would be to leave title to the land solely in her.

The ground upon which she bases that motion is that upon an insufficient affidavit, clerk of the court appointed a guardian *ad litem* to defend for her, and

the court did not, consequently, acquire jurisdiction to render judgment divesting her of title and investing her mother therewith.

According to section 52 of the Civil Code, amended January 16, 1882, in an action against an infant under fourteen years of age, where such infant has no father or guardian, as was her condition, or having a mother who is plaintiff in an action against her, as was so, it was made the duty of the clerk, upon an affidavit being filed showing such state of case, to appoint a guardian *ad litem* for the infant upon whom summons might be served.     There can be no controversy about the condition existing in which the clerk was authorized to make the appointment, nor, whatever be the form of it, that there was an affidavit showing such condition.

So that as Mary Belle Booker was before the court, it had jurisdiction to render the judgment, and it is not consequently void.     But the record shows the proceeding, as to any proper protection or defense of the rights of the helpless infant, to have been farcical.     For the guardian *ad litem*, as is generally the case, did not make or attempt to make any effort in behalf of the infant, and as to any benefit she derived from the appointment, it had as well never have been made.

But the Civil Code has, by section 391, provided that an infant in the condition of Mary Belle Booker may, at any time after judgment against her within a period terminating twelve months after attaining the age of twenty-one, show cause against such judgment.     And as due notice was given, her motion to

file an answer to the original petition made a cross-petition, ought to have been permitted by the lower court filed. For she is now certainly entitled to make whatever defense to the original action she may have, and to recover the land as though no judgment had ever been rendered divesting her of the title.

The judgment is, therefore, reversed for further proceedings consistent with this opinion.